UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>ESTRELLA FRAUSTO-TORRES,<br><br>                                   Defendant. | Case No.: 09-cr-02512-JAH-1<br><br>**ORDER DENYING MOTION FOR EXPUNGEMENT**<br><br>**[ECF No. 19]** |

On May 15, 2024, Defendant Estrella Fausto-Torres ("Defendant") filed a Motion for Expungement requesting that this Court expunge all official records regarding this case, including Defendant's arrest and all criminal proceedings notwithstanding the non-public records retained by the Department of Justice ("DOJ"). ECF No. 19 ("Motion"). Defendant contends that she has complied with the period of her supervised release and has completed the probationary period. *Id.* As a result, Defendant asks this Court to grant her request. *Id.* The Government has not filed a response to Defendant's Motion.

When a defendant files a motion for expungement, she requests the court to destroy or seal the records of the conviction, but not the conviction itself. *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). Put differently, "a defendant who seeks expungement requests the judicial editing of history." *Id.* (citations and quotations omitted). A federal court's power to expunge records comes from two sources of authority: statutory and

inherent authority. *Id.* Congress has set the conditions for which courts may expunge records for particular cases under particular circumstances. For example, under 18 U.S.C. § 3607(c), "[i]f the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person." *United States v. Everett*, 2019 WL 1491963, at *2 (S.D. Cal. Apr. 4, 2019). Likewise, in disciplinary matters involving employees of the Veterans Health Administration, "expungement of the records relating to the action" may be ordered by the Secretary of Veterans Affairs. 38 U.S.C § 7462(d)(1). Additionally, "Congress has further directed that DNA analysis be expunged from certain indices when a conviction has been overturned." *Crowell*, 374 F.3d at 793 (citations omitted).

If no federal statute applies, the court may exercise its inherent authority to expunge criminal records in limited circumstances such as an unlawful arrest or conviction, or to correct a clerical error. *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *Crowell*, 374 F.3d at 793 ("federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases"). However, a district court does not have the authority to expunge "a record of a valid arrest and conviction solely for equitable considerations." *Sumner*, 226 F.3d at 1014.

Here, Defendant does not contend that she is entitled to statutory relief. Indeed, Defendant pled guilty to one count of Importation of a Controlled Substance (Methamphetamine) and was 28 years old at the time of sentencing. ECF No. 15 ("Sentencing Memorandum"). Thus, the Court finds that no statutory relief applies. Nor does Defendant contend that she is entitled to relief under this Court's inherent authority. Defendant does not assert that her arrest or conviction was unlawful, nor does she contend that there was a clerical error. Because this is not one of the "limited circumstances" in which this Court has the inherent authority to expunge a defendant's criminal records and because no statutory relief applies, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

DATED: May 31, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE